IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

DAWN IHNKEN,

    Plaintiff,

vs.

CASE NO.: 05-2011-CA-032536

BREVARD COUNTY SHERIFF'S OFFICE,

    Defendant,

_____/

## AMENDED COMPLAINT

Plaintiff DAWN IHNKEN ("IHNKEN"), by and through her undersigned counsel sues Defendant BREVARD COUNTY SHERIFF'S ("BCSO"), and states as follows:

1. At all times material, IHNKEN was a resident of Volusia County, Florida.

2. All facts giving rise to this litigation occurred in Brevard County, Florida.

3. At all times material, IHNKEN is an individual with a "disability" as that term is defined in *42 U.S.C. §12102*.

4. At all times material, BCSO was a State of Florida governmental organization authorized to and conducting business in Brevard County, Florida. Defendant is, upon information and belief, the County's lead law enforcement agency in the Brevard County area.

5. BCSO is a "person" within the meaning of §101(7) of the ADA, *42 U.S.C. §12111(7)*, and *§701(a)* of Title VII of the Civil Rights Act of 1964, *42 U.S.C. §2000e(a)*.

6. BCSO employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, *42 U.S.C. §12111(5)(A)*.

7. On or about February 27, 2006, IHNKEN became employed by BCSO as a Telecommunicator Trainee and later transferred to the position of Records Technician.

8. In or about June 2007, IHKHEN underwent a breast biopsy following which she became very ill and after such went through months of treatment with a physician for pain to her extremities, swelling in her hands and feet, excessive perspiration and fatigue, the inability to grasp or hold objects, and the inability to stand for longer than 15 minutes at a time without severe pain.

9. In spite of her physical disabilities, IHNKEN was able to perform all of the essential functions of her position with BCSO, with or without reasonable accommodation.

10. BCSO denied IHNKEN her various requests for reasonable accommodation and then, on or about January 11, 2008, terminated her from employment.

## COUNT I
## TITLE I OF THE THE AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")

11. IHNKEN realleges and incorporates paragraphs 1 through 10 as if fully set forth herein.

12. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA"), *42 U.S.C. §12111*, et seq., which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, *42 U.S.C. §2000e* and Section 12112 of the ADA, *42 U.S.C. §12112*.

13. All conditions precedent under §706 of Title VII, *42 U.S.C. §2000e-5(f)(3)* have occurred or have been waived, in that:

   a. A charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the unlawful employment practice alleged herein.

   b. The EEOC referred the matter to the U.S. Department of Justice ("USDJ") for review on December 18, 2009.

   c. The Notice of Right to Sue Within 90 Days from the USDJ is dated February 4, 2011 and was received by IHNKEN on or about February 8, 2011. The Notice of Right to Sue Within 90 Days is attached hereto as **Exhibit "A"**.

   d. This complaint was filed within 90 days of IHNKEN'S receipt of the USDJ's Notice of Right to Sue Within 90 Days, or on or before May 5, 2011.

14. IHNKEN is a "qualified individual with a disability" within the meaning of Section 101(8) of the ADA, *42 U.S.C. §12111(8)*, in that IHNKEN is an individual with a disability who, with or without reasonable accommodation,

can perform the essential functions of the position of Records Technician with BCSO.

15. BCSO discriminated against IHNKEN in her employment and, eventually terminated her because she is a qualified individual with a disability.

16. BCSO's discrimination against IHNKEN during her employment and her eventual termination on the basis of her disability constitute discriminatory actions or practices prohibited by Section 102(a) of the ADA, 42 U.S.C. §12112(a).

17. BCSO's discriminatory conduct was taken with malice with reckless indifference to IHNKEN's statutorily protected rights.

18. As a direct and proximate result of BCSO's conduct, IHNKEN has been damaged and will continue to suffer losses. Her damages include, without limitation, the loss of gainful employment and employment benefits, including group health insurance, that IHNKEN would have attained through her continued employment with BCSO, as well as other future pecuniary losses, emotional pain and suffering, damages for mental anguish, loss of dignity, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

19. IHNKEN has retained undersigned counsel and is obligated to pay counsel for their services.

WHEREFORE, IHNKEN requests judgment against BCSO, for all damages to which she may be entitled, including, without limitation, that:

A. IHNKEN be awarded back pay and benefits in an amount to be determined at trial in this matter;

B. IHNKEN be awarded front pay and benefits in an amount to be determined at trial in this matter;

C. IHNKEN be awarded compensatory damages in an amount to be determined at trial in this matter;

D. IHNKEN be awarded punitive damages in an amount to be determined at trial in this matter;

E. IHNKEN be awarded interest on all of the her damages awarded and permitted by law;

F. IHNKEN be awarded a reasonable attorney's fee, and reimbursement for all costs of suit; and

G. Such and other further relief as the Court deems just and proper.

## COUNT II
## ADA – RETALIATION

20. IHNKEN realleges and incorporates paragraphs 1 through 10 and 13 through 18 as if fully set forth herein.

21. This suit is brought and jurisdiction lies pursuant to Section 107(a) of the Americans with Disabilities Act ("ADA") *42 U.S.C. §12111*, et seq., which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, *42 U.S.C. §2000e* and Section 12112 of the ADA, *42 U.S.C. §12112*.

22. BCSO retaliated against IHNKEN because of her disability by limiting IHNKEN in a way that adversely affected her opportunities or status with BCSO.

23. BCSO retaliated against IHNKEN by not affording her the accommodations she requested to allow her to perform the essential functions of her job despite her known physical limitations.

24. BCSO retaliated against IHNKEN by denying IHNKEN employment opportunities, despite the fact that she is a qualified individual with a disability.

25. As a direct and proximate result of BCSO's conduct, IHNKEN has been damaged and will continue to suffer losses. Her damages include, without limitation, the loss of gainful employment and employment benefits, including group health insurance, that IHNKEN would have attained through her continued employment with BCSO, as well as other future pecuniary losses, emotional pain and suffering, damages for mental anguish, loss of dignity, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

26. IHNKEN has retained undersigned counsel and is obligated to pay counsel for their services.

WHEREFORE, IHNKEN requests judgment against BCSO, for all damages to which she may be entitled, including, without limitation, that:

A. IHNKEN be awarded back pay and benefits in an amount to be determined at trial in this matter;

B. IHNKEN be awarded front pay and benefits in an amount to be determined at trial in this matter;

C. IHNKEN be awarded compensatory damages in an amount to be determined at trial in this matter;

D. IHNKEN be awarded punitive damages in an amount to be determined at trial in this matter;

E.  IHNKEN be awarded interest on all of the her damages awarded and permitted by law;

F.  IHNKEN be awarded a reasonable attorney's fee, and reimbursement for all costs of suit; and

G.  Such and other further relief as the Court deems just and proper.

## COUNT III
## CHAPTER 760, FLORIDA STATUTES
## DISCRIMINATION

27.  IHNKEN realleges and incorporates paragraphs 1 through 10 and 13 through 17 as if fully set forth herein.

28.  This is an action for damages brought pursuant to the Florida Civil Rights Act, Chapter 760, Florida Statute (the "FCRA"), which makes it unlawful to discriminate against any individual with respect to their compensation or their terms, conditions or privileges of employment because of such individual's handicap.

29.  BCSO is an "employer" as defined by Section 760.02(5), Florida Statutes.

30.  IHNKEN was an "employee" as defined by Section 760.02(6), Florida Statutes.

31.  BCSO's discrimination against and, ultimately, the termination of IHNKEN'S employment on the basis of her handicap is a discriminatory action prohibited by Section 760.10 (1)(a) and Section 760.10(1)(b), Florida Statutes.

32.  BCSO discharged IHNKEN, therefore discriminating against her with respect to compensation, as well as the terms, conditions, or privileges of her employment, because of her handicap.

33. BCSO also limited, segregated, or classified IHNKEN in a way which deprived or tended to deprive her of employment opportunities, and adversely affected her status as an employee because of her handicap.

34. As a direct and proximate result of BCSO's conduct, IHNKEN has been damaged and will continue to suffer losses. Her damages include, without limitation, the loss of gainful employment and employment benefits, including group health insurance, that IHNKEN would have attained through her continued employment with BCSO, as well as other future pecuniary losses, emotional pain and suffering, damages for mental anguish, loss of dignity, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

35. IHNKEN has retained undersigned counsel and is obligated to pay counsel for their services.

WHEREFORE, IHNKEN requests judgment against BCSO, for all damages to which she may be entitled, including, without limitation, that:

A. IHNKEN be awarded back pay and benefits in an amount to be determined at trial in this matter;

B. IHNKEN be awarded front pay and benefits in an amount to be determined at trial in this matter;

C. IHNKEN be awarded compensatory damages in an amount to be determined at trial in this matter;

D. IHNKEN be awarded interest on all of the her damages awarded and permitted by law;

F. IHNKEN be awarded a reasonable attorney's fee, and reimbursement for all costs of suit; and

G. Such and other further relief as the Court deems just and proper.

## COUNT IV
## CHAPTER 760, FLORIDA STATUTES
## RETALIATION

36. IHNKEN realleges and incorporates paragraphs 1 through 10, 13 through 17, and 29 through 33 as if fully set forth herein.

37. BCSO retaliated against IHNKEN because she engaged in various protected acts including, but not limited to, complaining of the discrimination she was subjected to as the result of her handicap.

38. BCSO's retaliation against IHNKEN by not affording her the accommodations she requested to allow her to perform the essential functions of her job despite her known physical limitations which culminated, among other things, in the termination of her employment.

39. As a direct and proximate result of BCSO's conduct, IHNKEN has been damaged and will continue to suffer losses. Her damages include, without limitation, the loss of gainful employment and employment benefits, including group health insurance, that IHNKEN would have attained through her continued employment with BCSO, as well as other future pecuniary losses, emotional pain and suffering, damages for mental anguish, loss of dignity, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. IHNKEN has retained the undersigned attorneys and is obligated to pay her attorneys a reasonable for their services.

WHEREFORE, IHNKEN requests judgment against BCSO, for all damages to which she may be entitled, including, without limitation, that:

A. IHNKEN be awarded back pay and benefits in an amount to be determined at trial in this matter;

B. IHNKEN be awarded front pay and benefits in an amount to be determined at trial in this matter;

C. IHNKEN be awarded compensatory damages in an amount to be determined at trial in this matter;

D. IHNKEN be awarded interest on all of the her damages awarded and permitted by law;

F. IHNKEN be awarded a reasonable attorney's fee, and reimbursement for all costs of suit; and

G. Such and other further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

Respectfully submitted this _4th_ day of August, 2011.

HALIFAX LAW GROUP

BY: _____
K. JUDITH LANE
Florida Bar No: 0987484
Post Office Box 9357
Daytona Beach, FL 32120-9357
Telephone: 386-492-4880
Facsimile: 386-492-6051
ATTORNEYS FOR PLAINTIFF